# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN RODRIGUEZ,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>UNNAMED,<br><br>　　　　Respondent. | Case No. 1:19-cv-00965-SKO (HC)<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATION TO SUMMARILY DISMISS PETITION FOR WRIT OF HABEAS CORPUS<br><br>[30-DAY OBJECTION DEADLINE] |

Petitioner is currently in the custody of the California Department of Corrections and Rehabilitation at Kern Valley State Prison. In this habeas petition, he challenges a disciplinary hearing held on February 5, 2018, in which he was found guilty of distribution of a controlled substance. The Court has conducted a preliminary review of the petition and finds that Petitioner has failed to name a proper respondent, failed to exhaust state remedies, and failed to state a cognizable federal claim. It is clear that Petitioner is not entitled to habeas relief. Therefore, the Court will recommend the petition be **SUMMARILY DISMISSED**.

## DISCUSSION

A. <u>Preliminary Review of Petition</u>

　　Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

1

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Herbst v. Cook, 260 F.3d 1039 (9th Cir. 2001).

B. Facts[1]

On September 17, 2016, Investigative Services Unit Officers L. Kotun and Z. Limas at Calipatria State Prison conducted a cell search of unit A4-142 which was occupied by Petitioner and Inmate Perkovich. During the course of the search, Kotun discovered five small bindles wrapped in clear plastic containing a black tar-like substance on the lower bunk in plain view next to multiple pieces of clear plastic packaging. Kotun also found one bindle wrapped in clear plastic containing a white powdery substance in the upper locker. In addition, a piece of paper was recovered that contained names of people and amounts of money they owed. The bindles were processed and tested for controlled substances, and all six bindles tested positive for the presence of opiates. The bindles were then forwarded to the Department of Justice for further analysis. On March 30, 2017, the Department of Justice forwarded the results of its analysis of the evidence to Calipatria State Prison's Investigative Services Unit. Three bindles had been processed. One tested positive for concentrated cannabis and the other two tested positive for heroin. The total weight of all six bindles was 1.85 grams. Such an amount would yield a large amount of money in an institution setting and was clearly beyond what would be considered normal for personal consumption.

C. Procedural History

On April 2, 2017, a CDCR-115 Rules Violation Report was issued for distribution of a controlled substance. (Doc. 1 at 28.) On April 9, 2017, Petitioner was served with a copy of the Rules Violation Report, incident report, and lab test results. (Doc. 1 at 26, 28.) On January 24, 2018, he was assigned an investigative employee. (Doc. 1 at 29.) On February 2, 2018, the investigative employee conducted an investigation, completed his report of the incident, and

---

[1] The facts are derived from the Rules Violation Report and Disciplinary Hearing Results attached by Petitioner to his petition. (Doc. 1 at 22-38.)

provided Petitioner with a copy of his report. (Doc. 1 at 29.)

On February 2, 2018, a disciplinary hearing was conducted. (Doc. 1 at 37.) Petitioner entered a plea of not guilty and provided the following statement: "My cellie took responsibility for the drugs which is why the DA dismissed the charges against me." (Doc. 1 at 32.) Upon consideration of the evidence, the hearing officer concluded that Petitioner was guilty of the charge of distribution of a controlled substance. (Doc. 1 at 32.) He was given the following sanctions: 5 days confinement to quarters; 90 days loss of Privilege Group C; 90 days loss of canteen privileges; 90 days loss of phone privileges; 30 days loss of yard recreation privileges; 90 days loss of day room privileges; 30 days loss of package privileges; 30 days property restrictions; 365 days loss of visiting privileges; 730 days loss of contact visiting privileges; and 4 months mandatory drug testing. (Doc. 1 at 35-36.)

Petitioner filed a CDCR-602 administrative appeal on March 15, 2018. (Doc. 1 at 91.) The appeal was forwarded to Calipatria State Prison for processing because that is where the incident occurred. (Doc. 1 at 95.) The appeal was denied and sent on to the second level. (Doc. 1 at 97.) It appears Petitioner has not exhausted his administrative remedies at the final levels. He states he has been unable to do so because staff have lost his paperwork and repeatedly failed to respond to his requests. It does not appear that he has sought relief in any state court.

D.  Exhaustion

A petitioner who is in state custody proceeding with a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney

v. Tamayo-Reyes, 504 U.S. 1 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66. In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court unless he specifically indicated to that court that those claims were based on federal law. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
>
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000), *as amended by* Lyons v. Crawford, 247 F.3d 904, 904-5 (9th Cir. 2001).

In this case, it appears that Petitioner has failed to present any of his claims to the state courts. His failure to first seek relief in the state courts requires dismissal of the action. 28 U.S.C. § 2254(b).

E.  Proper Respondent

Petitioner fails to name a respondent in this matter. A petitioner seeking habeas corpus relief under 28 U.S.C. § 2254 must name the state officer having custody of him as the respondent

4

to the petition. Rule 2 (a) of the Rules Governing § 2254 Cases; <u>Ortiz-Sandoval v. Gomez</u>, 81 F.3d 891, 894 (9th Cir. 1996); <u>Stanley v. California Supreme Court</u>, 21 F.3d 359, 360 (9th Cir. 1994). Normally, the person having custody of an incarcerated petitioner is the warden of the prison in which the petitioner is incarcerated because the warden has "day-to-day control over" the petitioner. <u>Brittingham v. United States</u>, 982 F.2d 378, 379 (9th Cir. 1992); <u>see also</u> <u>Stanley</u>, 21 F.3d at 360. However, the chief officer in charge of state penal institutions is also appropriate. <u>Ortiz</u>, 81 F.3d at 894; <u>Stanley</u>, 21 F.3d at 360. Where a petitioner is on probation or parole, the proper respondent is his probation or parole officer and the official in charge of the parole or probation agency or state correctional agency. <u>Id</u>.

Petitioner's failure to name a proper respondent requires dismissal of his habeas petition for lack of jurisdiction. <u>Stanley</u>, 21 F.3d at 360; <u>Olson v. California Adult Auth.</u>, 423 F.2d 1326, 1326 (9th Cir. 1970); <u>see also</u> <u>Billiteri v. United States Bd. Of Parole</u>, 541 F.2d 938, 948 (2nd Cir. 1976).

F. <u>Failure to State a Cognizable Federal Claim</u>

The basic scope of habeas corpus is prescribed by statute. Title 28 U.S.C. § 2254(a) states:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court *only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States*.

(emphasis added). <u>See also</u> Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court. The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 484 (1973).

In order to succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claim in state court

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1),(2).

In this case, Petitioner complains that he was wrongly found guilty of a CDCR-115 Rules Violation. However, none of the sanctions imposed affect the length or duration of his sentence. "Because success on [his] claims would not necessarily lead to his immediate or earlier release from confinement, [his] claim does not fall within 'the core of habeas corpus.'" Nettles v. Grounds, 830 F.3d 922, 935 (9th Cir. 2016) (quoting Skinner v. Switzer, 562 U.S. 521, 535 n. 13 (2011). Thus, the petition must be dismissed.

G. Due Process Rights in Prison Disciplinary Proceedings

Prisoners cannot be entirely deprived of their constitutional rights, but their rights may be diminished by the needs and objectives of the institutional environment. Wolff v. McDonnell, 418 U.S. 539, 555 (1974). Prison disciplinary proceedings are not part of a criminal prosecution, so a prisoner is not afforded the full panoply of rights in such proceedings. Id. at 556. Thus, a prisoner's due process rights are moderated by the "legitimate institutional needs" of a prison. Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989) (citing Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 454-455 (1984)).

When a prison disciplinary proceeding may result in the loss of good time credits, due process requires that the prisoner receive: (1) advance written notice of at least 24 hours of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action. Hill, 472 U.S. at 454; Wolff, 418 U.S. at 563-567. In addition, due process requires that the decision be supported by "some evidence." Hill, 472 U.S. at 455 (citing United States ex rel. Vatauer v. Commissioner of Immigration, 273 U.S. 103, 106 (1927)).

Petitioner does not dispute that he received all procedural due process protections. Even if he did, it is clear from the exhibits attached to the petition that due process requirements were met. Petitioner claims the evidence was insufficient to find him guilty because his cellie accepted responsibility for the controlled substances in the shared cell. Nevertheless, Petitioner was found guilty based on "constructive possession." Federal courts have held that the "some evidence" standard may be satisfied by application of the constructive possession doctrine. See, e.g., Torres

v. Langford, 2017 WL 5900063, at *4 (C.D. Cal. 2017) (finding "some evidence" standard met where weapon was discovered on a window ledge in a room the petitioner shared with five inmates); Hamilton v. O'Leary, 976 F.2d 341, 346 (7th Cir. 1992) (finding "some evidence" standard met where weapons were found in a cell that housed the petitioner and three other inmates); Mason v. Sargent, 898 F.2d 679, 680 (8th Cir. 1990) (finding "some evidence" standard met where contraband was found in locker shared by two inmates); Pettis v. Asuncion, 2017 WL 927626, at *6–7 (C.D. Cal. 2017) (finding "some evidence" standard met where cell phone was found in petitioner's shared cell and his cell mate provided a declaration stating that petitioner did not know about the phone); Harms v. Godinez, 829 F. Supp. 259, 262–63 (N.D. Ill. 1993) (finding "some evidence" standard met where contraband was found in a wastebasket in a secure area in the commissary, where petitioner and five other inmates were working).

Accordingly, Petitioner fails to demonstrate that either his procedural or substantive due process rights were violated. Wolff, 418 U.S. at 564. The petition must be denied.

**ORDER**

IT IS HEREBY ORDERED that the Clerk of Court is DIRECTED to assign a District Judge to the case.

**RECOMMENDATION**

Accordingly, the Court HEREBY RECOMMENDS that the habeas corpus petition be SUMMARILY DISMISSED WITH PREJUDICE.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.

Within thirty (30) days after being served with a copy, Petitioner may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). Failure to file objections within the specified time

///

///

may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **August 13, 2019**　　　　　　　　　　/s/ *Sheila K. Oberto*
　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE